IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,          )
                                   )
              Plaintiff,           )
                                   )
v.                                 )          Case No. 24-mj-00147-JFJ-1
                                   )
KORY BRYAN TUELL,                  )
                                   )
              Defendant.           )

## OPINION AND ORDER

Before the Court is Defendant's motion to "compel" the Government to call two witnesses at the preliminary hearing. The Court finds Rule 5.1 does not grant a defendant this right, and the motion will be denied.

### Background

Defendant Kory Bryan Tuell is before the Court on a complaint asserting that he murdered Mitchell Jefferson in violation of 18 U.S.C. §§ 1153 and 1111. (ECF No. 1.) Magistrate Judge Jodi F. Jayne found probable cause and signed the warrant for Defendant's arrest on March 19, 2024. (ECF Nos. 1-2.) Defendant had his initial appearance on March 21, 2024. (ECF No. 14.) Defendant's counsel from the Nevada Federal Public Defender's Office were not available on that date, but they conveyed through substitute counsel that they would be ready for a preliminary and detention hearing on March 28, 2024, and the hearing was set as requested.

At 3:47 p.m. the day before the hearing, defense counsel filed the current motion. In that motion, counsel asserts that Defendant is entitled to "cross examine" S.H. and C.O., individuals who provided information that was cited by Special Agent Ashleigh Siska in her affidavit supporting the complaint. (ECF No. 26.) Counsel further asserts that the

Court "should compel the government to call" these two witnesses at the hearing.  (*Id.* at 1.)

## Analysis

"Although the right to a preliminary examination is embodied in the United States Code and the Rules of Criminal Procedure, the right is not constitutional." *United States v. Aranda-Hernandez*, 95 F.3d 977, 979 (10th Cir. 1996).  A preliminary hearing "'is not a minitrial on the issue of guilt,' rather, 'its function is the more limited one of determining whether probable cause exists to hold the accused for trial.'" *United States v. Rathbun,* No. CR 20-MJ-3061-KAR, 2020 WL 2104790, at *1 (D. Mass. May 1, 2020) (quoting *Coleman v. Burnett,* 477 F.2d 1187, 1201 (D.C. Cir. 1973) and *Barber v. Page*, 390 U.S. 719, 725 (1968)).  Moreover, in the federal system, the preliminary hearing determines whether a defendant will be held over for a limited period.  A defendant must be charged by indictment (resulting from a grand jury's finding of probable cause) or information (resulting from a defendant's waiver of the grand jury) within 30 days of arrest.  *See* 18 U.S.C. § 3161(b); *see also id.* § 3060(e) ("No preliminary examination . . . shall be required . . . if at any time subsequent to the initial appearance . . . and prior to the date fixed for the preliminary examination . . . an indictment is returned or, in appropriate cases, an information is filed against such person in a court of the United States.").

As a result, the rule governing preliminary hearings is focused on practicality and flexibility.  It is for this reason that hearsay has long been allowed at preliminary hearings—"A grand jury indictment may properly be based on hearsay evidence.  This being so, there is practical advantage in making the evidentiary requirements for the preliminary examination as flexible as they are for the grand jury."  *See* Fed. R. Crim. P. 5.1, adv. ctte.'s note, 1972 add. (citations omitted).  And, for similar reasons, the rules of

evidence do not apply, and objections to the evidence are not allowed—"Increasing the procedural and evidentiary requirements applicable to the preliminary examination [would] add to the administrative pressure to avoid the preliminary examination. . . . The objective is to reduce, not increase, the number of preliminary motions." *Id.*

So, at the preliminary hearing, the defendant's rights are limited. He may "cross-examine adverse witnesses and may introduce evidence but [he] may not object to evidence on the ground that it was unlawfully acquired." Fed. R. Crim. P. 5.1(e). Although the Federal Rules of Evidence do not apply, Fed. R. Evid. 1101(d)(3), the Court generally understands this language to mean that—if the Government calls a witness at the hearing—Defendant may cross-examine that witness on "the subject matter of the direct examination," Fed. R. Evid. 611(b). Admittedly, this right has practical limitations. "Because a testifying witness is often an investigating officer who has relied on hearsay reports of other law enforcement agents, the witness may have either limited additional information to disclose or may have no knowledge to meaningfully address issues raised in cross-examination." 24 Moore's Federal Practice—Criminal Procedure § 605.1.11 (2024). But, that is simply the nature of the limited role of preliminary hearings and the sacrifices made to keep the rules for such hearings as flexible as they are for the grand jury.

Defendant's argument that more is required is contrary to both the plain language of the federal rules and their purpose. Defendant argues that, because Rule 5.1 and Rule 32.1 both use the terms "adverse witnesses" or "adverse witness," the procedures of Rule 32.1 are necessarily grafted onto Rule 5.1.

First, this argument ignores the remaining language of the rules. Rule 5.1, which governs preliminary hearings for a defendant brought in on a complaint, merely provides

that "the defendant may cross-examine adverse witnesses . . . ." Fed. R. Crim. P. 5.1(e). Rule 32.1, which governs revocation of probation or supervised release, states that—at a preliminary hearing—the judge "must give the person . . . upon request, an opportunity to question any adverse witness, unless the judge determines that the interest of justice does not require the witness to appear." Fed. R. Crim. P. 32.1(b)(1)(B)(iii). To read Rule 5.1 as Defendant argues would be to render the remainder of these rules meaningless.

Second, Defendant's arguments ignore the differing history and purposes of Rules 5.1 and 32.1. Rule 32.1 was added in 1979 in response to Supreme Court cases clarifying "that a probationer can no longer be denied due process in reliance on the dictum . . . that probation is an 'act of grace.'" Fed. R. Crim. P. 32.1, adv. ctte.'s note, 1979 add., Rule 32.1(a)(1) (citing *Morrissey v. Brewer*, 408 U.S. 471 (1972) and *Gagnon v. Scarpelli*, 411 U.S. 778 (1973)). In *Morrissey*, the Supreme Court addressed a parolee's due process rights when facing a revocation of his parole. 408 U.S. at 484-85. At the first stage, the Court found that a parolee was entitled to a preliminary hearing before an "uninvolved person." *Id*. at 486. At that hearing, the parolee could appear and speak on his own behalf and bring information relevant to the hearing. *Id*. at 487. The Supreme Court also determined that,

> On request of the parolee, [a] person who has given adverse information on which parole revocation is to be based is to be made available for questioning in his presence. However, if the hearing officer determines that an informant would be subjected to risk of harm if his identity were disclosed, he need not be subjected to confrontation and cross-examination.

*Id.*

Rule 5.1 has a different derivation and purpose. First, the current language of the rule is the same as it was upon its clarification and addition in 1972—seven years before the addition of Rule 32.1. *See, e.g.,* Fed. R. Crim. P. 5.1 (1990) (reading, following the

4

non-substantive 1987 technical amendments, "The defendant may cross-examine adverse witnesses and may introduce evidence."). One can hardly read the language of a subsequent rule, based on subsequent precedent and relating to a different process, as informing the intended meaning of a rule previously enacted. Second, the confrontation rights of the Sixth Amendment do not apply to pretrial proceedings, like a preliminary hearing. *See, e.g., Peterson v. California*, 604 F.3d 1166, 1169-70 (9th Cir. 2010) (the defendant "was entitled to confront witnesses against him at trial . . . . He was not constitutionally entitled to confront them at his preliminary hearing."). Third, as the advisory committee noted, *supra*, a preliminary hearing—governing at most 30 days of a defendant's pretrial incarceration—need not come with greater rights than had at the grand jury, which allows a defendant to be held over through trial. At the grand jury, a defendant has no right to be present, much less to demand that the Government present specific witnesses. *See, e.g.,* Fed. R. Crim. P. 6(d)(1) (noting that the only persons who may be present when the grand jury is in session are the attorneys for the government, the witness being questioned, interpreters when needed, and a court reporter or operator of a recording device). The Court finds no basis to read such a right into Rule 5.1, when it does not otherwise state.

Instead, tomorrow, Defendant will have the rights promised by Rule 5.1. He may cross-examine adverse witnesses and introduce evidence as may be relevant to a finding of probable cause. Nothing more is required.

IT IS THEREFORE ORDERED that the Motion to Compel Adverse Witnesses at Preliminary Hearing (ECF No. 26) is DENIED.

ORDERED this 27th day of March, 2024.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT